NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GURBHIAN SINGH, AKA Gurdhian Singh,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | No.   17-70511<br><br>Agency No. A202-010-599<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2019[**]
San Francisco, California

Before:  BENNETT and LEE, Circuit Judges, and PIERSOL,[***] District Judge.

Gurbhian Singh aka Gurdhian Singh ("Petitioner"), a native and citizen of

India, petitions for review of the Board of Immigration Appeals' ("BIA's") denial

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

of his claims for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252 and review the BIA's "denial[] of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold [the] denial [if] supported by reasonable, substantial, and probative evidence . . . ." *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016) (internal quotation marks and citations omitted). Where, as here, Petitioner challenges the factual basis for the BIA's decision, we reverse only if the evidence compels a contrary conclusion. *Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017). We deny the petition.

Petitioner, a member of the Shiromani Akali Dal (Mann) Party ("Mann Party"), had been twice beaten by members of a rival Punjab political group—the Shiromani Akali Dal (Badal) party ("Badal Party"). When considering Petitioner's asylum claim, the BIA found that Petitioner had suffered past persecution due to his political opinions and was therefore entitled to the rebuttable presumption of a well-founded fear of future persecution. However, the BIA also found that the presumption was overcome because Petitioner—a Sikh and low-level member of the Mann Party—could safely and reasonably relocate within India. *See* (*Narinder) Singh v. Whitaker*, 914 F.3d 654, 659 (9th Cir. 2019); 8 C.F.R. § 1208.13(b)(1)(i)(B).

2

This conclusion was sufficiently individualized and based on substantial evidence. *See* (*Narinder*) *Singh*, 914 F.3d at 661. No record evidence compels a different conclusion. The BIA properly addressed any threats to Petitioner upon relocation when it specifically stated that the Immigration Judge "correctly noted" that there was no current evidence of oppression or violence between the Badal and Mann parties within India. *Id.* The BIA also stated that even granting Petitioner's request to take administrative notice of a 2015 State Department Country Report led to the conclusion that the evidence did not support Petitioner's claim that he could not relocate or would be persecuted by the Badal Party. No record evidence compels a different conclusion.

The failure of Petitioner's asylum claim necessarily results in the failure of his withholding of removal claim—which has a higher standard of proof. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Consequently, we also find that the BIA's denial of withholding of removal was based on substantial evidence.

Finally, substantial evidence supports the BIA's denial of Petitioner's CAT claim. Petitioner did not carry his burden to show that he would "more likely than not" be subject to torture upon return to India, where Petitioner was not previously tortured and did not present any evidence to show that he would be subject to torture upon return to India. *See* (*Narinder*) *Singh*, 914 F.3d at 663.

**PETITION DENIED.**